IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GEROME PEETE d/b/a GURU PRODUCTIONS                                PLAINTIFF

V.                                                                                             NO. 4:06CV112-M-B

SKYLAR THOMPSON,
ROBERT CERBE,
WILLIAM P. KNOX
KNOX & CERBE MANAGEMENT
and TRAINING, A General Partnership                                 DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the Court on the motions of Defendants, William P. Knox, Knox & Cerbe Management and Training, and Robert J. Cerbe seeking summary judgment. These motions were brought under Rule 56 of the Mississippi Rules of Civil Procedure. The motions should properly have been brought under Rule 56 of the Federal Rules of Civil Procedure. This error was corrected in the Defendants' memorandum in support of their motion submitted by William P. Knox and Knox & Cerbe Management and Training. The two procedural rules in question are substantially the same. As the Supreme Court has held it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962). This Court will therefore consider the merits of the motions.

**I. STANDARD OF REVIEW**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151.

## II. MOTION FOR SUMMARY JUDGMENT

The Defendants seek summary judgment on two separate issues: (1) violations of The Muhammad Ali Boxing Reform Act; and, (2) the tort claim of Inducement of Breach of Contract.

### A. The Muhammad Ali Boxing Reform Act

The stated purpose of The Muhammad Ali Boxing Reform Act is: "(1) to improve and expand the system of safety precautions that protects the welfare of professional boxers; and (2) to assist State boxing commissions to provide proper oversight for the professional boxing industry in the United States." 15 U.S.C. § 6302. In formulating this bill, Congress created a private cause of action. 15 U.S.C. § 6309(d). This private cause of action is, however, limited to boxers who have suffered economic injury due to a violation of the Act. *Id*. Congress defined the term "boxer" as "an individual who fights in a professional boxing match." 15 U.S.C. §

6301(1).

There is no dispute that the Plaintiff brings this suit as as a manager, promoter, and/or trainer of boxers claiming an economic injury, and not as "an individual who fights in a professional boxing match." Congress did not create a private cause of action for such individuals. Therefore the Defendants are entitled to judgment as a matter of law as it relates to any and all claims brought under The Muhammad Ali Boxing Reform Act.

### B. Inducement of Breach of Contract

Defendants next seek summary judgment as it relates to the tort claim of Inducement of Breach of Contract. The Court exercises diversity jurisdiction over this claim. 28 U.S.C. § 1332(a). When sitting in diversity a federal court shall apply substantive state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). In deciding what state law to apply, a federal court must apply the conflict-of-law rules in the same way that the state courts in the state in which it sits would apply those rules. *Day & Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 4 (1975) (per curiam). Mississippi uses a "center of gravity" test to resolve choice of law issues related to contracts. *Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp.*, 743 So.2d 954, 959-60 (Miss. 1999) (quoting *Sheppard Pratt Physicians, P.A. v. Sakwa*, 725 So.2d 755, 757 (Miss. 1998) (internal citations omitted)). This "test requires consideration of the following factors: '(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.'" *Id*. at 960 (quoting *O'Rourke v. Colonial Ins. Co.*, 624 So.2d 84, 86 (Miss. 1983) (internal citations omitted)). All parties and the Court in this case agree that Mississippi would apply Tennessee's law in the present case.

Tennessee has codified its Inducement of Breach of Contract cause of action. TENN.

CODE ANN. § 47-50-109. Tennessee courts have declared that in order to be successful on such a claim, a plaintiff must show: "(1) that there was a legal contract; (2) that the wrongdoer had sufficient knowledge of the contract; (3) that the wrongdoer intended to induce its breach; (4) that the wrongdoer acted maliciously; (5) that the contract was breached; (6) that the act complained of was the proximate cause of the breach; and (7) that damages resulted from the breach." *Baldwin v. Pirelli Armstrong Tire Corp.*, 927 F. Supp. 1046, 1055 (M.D. Tenn. 1996). Additionally, a plaintiff seeking punitive damages must prove intentional, fraudulent, malicious, or reckless action by the defendant. *Cambio Health Solutions, LLC v. Reardon*, 213 S.W.3d 785, 791 (Tenn. 2006).

Defendants move for summary judgment on the grounds that they meet neither the first nor second element required by Tennessee courts. A showing that either element is absent would entitle the Defendants to a grant of summary judgment.

### 1. Existence of a Legal Contract

The Defendants first put forth the theory that there is no legal contract, because the initial contract entered into by Thompson was a contract of adhesion and that the terms of the contract were beyond the reasonable expectations of an ordinary person or were oppressive or unconscionable.

Tennessee law is clear as it relates to contracts of adhesion. The leading case in Tennessee states that a contract of adhesion is, "'a standardized contract form offered to consumers of goods and services on essentially a 'take it or leave it' basis, without affording the consumer a realistic opportunity to bargain and under such conditions that the consumer cannot obtain the desired product or service except by acquiescing to the form of the contract.'"

*Buraczynski v. Eyring*, 919 S.W.2d 314, 320 (Tenn. 1996) (quoting Black's Law Dictionary 40 (6th ed. 1990); *Broemmer v. Abortion Services of Phoenix, Ltd.*, 840 P.2d 1013, 1015 (Ariz. 1992)). The court further found, "the essence of an adhesion contract is that bargaining positions and leverage enable one party 'to select and control risks assumed under the contract.'" *Id.* (internal citations omitted). Tennessee has thus adopted the view that "'[t]he distinctive feature of a contract of adhesion is that the weaker party has no realistic choice as to its terms.'" *Id.* (quoting *Broemmer*, 840 P.2d at 1016). Tennessee courts will not enforce a contract of adhesion when its terms are "beyond the reasonable expectations of an ordinary person, or oppressive or unconscionable." *Taylor v. Butler*, 142 S.W.3d 277, 286 (Tenn. 2004). If the terms of a contract of adhesion are oppressive to the weaker party or serve to limit the obligations and liabilities of the stronger party, the contract will not be enforced. *Id.*

The Defendants rely on a number of terms within the contract which appear unfavorable to Thompson. These terms certainly bear on whether the contract is one of adhesion. However, unfavorable terms themselves are simply not enough to establish that a contract is one of adhesion. Under Tennessee law, in order to establish that a contract is one of adhesion it must first be shown that the contract is a standardized form instead of a product of mutual negotiation and concession expressing mutual assent to terms determined by the parties.

The Defendants' motion for summary judgment makes the claim that the contract does not meet Thompson's reasonable expectations. However, other than the general statement that the contract between the Plaintiff and Thompson was a contract of adhesion, the motion does not represent that Thompson was unable to negotiate for more favorable terms in the contract. The Plaintiff's motion in response does address this issue. The Plaintiff contends that Thompson was sophisticated in negotiating and entering into contracts for the purposes of obtaining management

and training to further his boxing career. The Plaintiff's deposition states that Thompson had previously entered into an agreement with Jeffrey Linensfeler prior to his agreement with the Plaintiff. Further in support of the proposition that Thompson was sophisticated in entering into and ending contracts, the Plaintiff's own affidavit states that he negotiated with Linensfeler in order to obtain a release from the contract between Thompson and Linensfeler so that the Plaintiff and Thompson might enter into a contract.

Based on this issue, the Court finds that there exists genuine issues of material fact as to whether the contract was a standardized form or was the product of mutual negotiation. Thus there exists genuine issues of material fact as to whether or not the Plaintiff is able to meet the first element required to prove Inducement of Breach of Contract.

### 2. Defendants' Knowledge of the Existence of a Contract

The Defendants next claim they had no knowledge of the contract as required by the cause of action of Inducement of Breach of Contract. The Defendants assert that the contract they entered into with Thompson in pertinent part states, "Boxer attests that Boxer has no managerial contract with any other manager." The Defendants' motion further states plainly that they had no knowledge of the Plaintiff's contractual relationship with Thompson. The Plaintiff responds with assertions of fact that conflict with these claims. The Plaintiff first relies upon the facts set out in the affidavits of William Morris Sholar and Cary Peete that it was common knowledge in the Memphis boxing community that Thompson was under contract with the Plaintiff. Further, Sholar's affidavit states that he informed Cerbe, Knox's business partner, that Thompson was under contract with the Plaintiff sometime around May of 2006.

Based the disputed facts surrounding the Defendants' knowledge, the Court finds that there exists genuine issues of material fact as to whether the Defendants had knowledge of the

contractual relationship between Thompson and the Plaintiff.  Therefore there exists genuine issues of material fact as it relates to the second element required to prove Inducement of Breach of Contract.

An award of summary judgment would be improper under these facts and the Defendants' motion as it relates to Inducement of Breach of Contract is denied.

### III. CONCLUSION

The motions of Defendants William P. Knox, Knox & Cerbe Management and Training, and Robert J. Cerbe seeking summary judgment are GRANTED IN PART and DENIED IN PART.  The Court hereby GRANTS summary judgment to the Defendants on the issue of liability under The Muhammad Ali Boxing Reform Act, and DENIES the Defendants' motion for summary judgment relating to the tort claim of Inducement of Breach of Contract.

It is so ordered.

This the 17th day of September 2007

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**