IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GEROME PEETE d/b/a GURU PRODUCTIONS                                    PLAINTIFF

V.                                                              CASE NO. 4:06CV112-M-B

SKYLAR THOMPSON,
ROBERT CERBE,
WILLIAM P. KNOX
KNOX & CERBE MANAGEMENT
and TRAINING, A General Partnership                                   DEFENDANTS

## ORDER

This cause comes before the Court on the motions [40, 41] of the Plaintiff, Gerome Peete d/b/a Guru Productions, seeking summary judgment. The Plaintiff seeks summary judgment against Defendants, Robert J. Cerbe, William P. Knox, and Knox & Cerbe Management and Training, as it relates to Inducement of Breach of Contract.[1]

### I. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000). In so doing,

---

[1] The Plaintiff originally brought additional claims under the Muhammad Ali Boxing Reform Act which were Dismissed as a matter of law between the filing of the present motion and the adjudication of that motion. Any portion of the motion relating to those claims has been thus rendered moot.

the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151.

## II. MOTIONS FOR SUMMARY JUDGMENT

The Court exercises diversity jurisdiction over this claim. 28 U.S.C. § 1332(a). When sitting in diversity a federal court shall apply substantive state law.[2] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). In deciding what state law to apply, a federal court must apply the conflict-of-law rules in the same way that the state courts in the state in which it sits would apply those rules. *Day & Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 4 (1975) (per curiam). Mississippi uses a "center of gravity" test to resolve choice of law issues related to contracts. *Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp.*, 743 So.2d 954, 959-60 (Miss. 1999) (quoting *Sheppard Pratt Physicians, P.A. v. Sakwa*, 725 So.2d 755, 757 (Miss. 1998) (internal citations omitted)). This "test requires consideration of the following factors: '(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.'" *Id*. at 960 (quoting *O'Rourke v. Colonial Ins. Co.*, 624 So.2d 84, 86 (Miss. 1983) (internal citations omitted)). All parties and the Court in this case agree that Mississippi would apply Tennessee's law in the present case.

Tennessee has codified its Inducement of Breach of Contract cause of action. TENN. CODE ANN. § 47-50-109. Tennessee courts have declared that in order to be successful on such a

---

[2]The Plaintiff's position is that the Muhammad Ali Boxing Reform Act supersedes Tennessee's law as it relates to the correct standard to apply to the Defendants' position that the original contract was one of adhesion. However, under *Erie* this dispute comes under state law, as the Plaintiff has no valid claim under the Federal Act, and Tennessee's law applies. While it is possible for the federal government to preclude state law in a particular area, it is clear they have not done so here. Congress' purpose in adopting the Act is clearly spelled out as helping "State boxing commissions to provide proper oversight." 15 U.S.C. § 6302. Congress showed no intent to override state oversight, but instead created a statute designed to aid state law.

claim, a plaintiff must show: "(1) that there was a legal contract; (2) that the wrongdoer had sufficient knowledge of the contract; (3) that the wrongdoer intended to induce its breach; (4) that the wrongdoer acted maliciously; (5) that the contract was breached; (6) that the act complained of was the proximate cause of the breach; and (7) that damages resulted from the breach." *Baldwin v. Pirelli Armstrong Tire Corp.*, 927 F. Supp. 1046, 1055 (M.D. Tenn. 1996). Additionally, a plaintiff seeking punitive damages must prove intentional, fraudulent, malicious, or reckless action by the defendant. *Cambio Health Solutions, LLC v. Reardon*, 213 S.W.3d 785, 791 (Tenn. 2006).

The Plaintiff asserts that all seven (7) elements of this cause of action are present and undisputed. The Defendants, without conceding any element, only specifically address the first two elements required for Inducement of Breach of Contract. If any genuine issue of material fact exists towards either of these two elements or any other element, summary judgement would be improper.

The evidence put forth by the Plaintiff raises questions as to multiple elements of this cause of action. The Plaintiff submitted a memorandum allegedly written by Defendant Knox in regards to this matter. That memorandum contains representations of conversations between Thompson and Defendant Knox. If true these statements would call into question whether a legal contract was in place. However, the Court does not need to reach that issue as the statements, whether true or not, raise genuine issues of material fact as to additional elements of Inducement of Breach of Contract.

The second required element of this cause of action is that the Defendants had sufficient knowledge of the existence of the contract. The memorandum submitted by the Plaintiff asserts that the Defendants were told by Thompson that no legitimate contract existed between the

Plaintiff and Thompson. Additionally, Defendant Knox states that according to Thompson, the Plaintiff had lost his license to manage boxers, had failed to obtain insurance as required by the contract, and had created an agreement which called for an improper and excessive percentage fee. None of the parties address these issues in their motions. However, the existence of these conversations creates a genuine issue of material fact as to whether the Defendants possessed sufficient knowledge of a legal contract. This is enough in itself to defeat a motion for summary judgment. The Court therefore does not reach any additional issues related to this motion.

The motions for summary judgment of the Plaintiff, Gerome Peete d/b/a/ Guru Productions, are **DENIED**.

It is so ordered.

This the 2nd day of October, 2007.

                                                  /s/ Michael P. Mills
                                                  **CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**
                                                  **NORTHERN DISTRICT OF MISSISSIPPI**